**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JAMES ALLEN HIGGINBOTHAM,**                    **PETITIONER**

**v.**                    **No. 1:12CV71-M-V**

**RON KING, ET AL.**                    **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of James Allen Higginbotham for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

On May 21, 2009, the Circuit Court of Winston County, Mississippi, entered judgment against the petitioner pursuant to a guilty plea for murder; the court sentenced the petitioner to serve life in the custody of the Mississippi Department of Corrections. There is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. The petitioner filed a Motion for Leave to File Post-Conviction" in the trial court on October 16, 2009. The trial court granted the motion December 15, 2009. Higginbotham filed a "Petition for Post-Conviction Relief" on March 17, 2011, and the motion was denied on August 17, 2011. Higginbotham appealed that decision, which was affirmed by the Mississippi Court of Appeals on September 25, 2012. His petition for rehearing is currently pending before the state court. The petitioner filed the instant federal petition for a writ of *habeas corpus* on February 27, 2012.

**Discussion**

The petitioner's conviction became final on May 21, 2009, the date he was sentenced on his guilty plea. MISS. CODE ANN. § 99-35-101. Therefore, the deadline for the petitioner to submit a properly filed state application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) – and thus toll the federal one-year statute of limitations – was one year later on May 21, 2010. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Though, as the State points out, Higginbotham's motion seeking post-conviction relief was, to say the least, skeletal, the court will give him the benefit of the doubt and credit him with statutory tolling for the 67 days it was pending in state court (October 9, 2009, to December 15, 2009) . That would push the federal *habeas corpus* deadline to July 27, 2010 (May 21, 2010 + 67 days). None of the petitioner's other state court offerings were filed prior to July 27, 2010; as such, they do not further toll the limitations period.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was thus filed sometime between the date it was signed on February 1, 2012, and the date it was received and stamped as "filed" in the district court on February 27, 2012. Giving Higginbotham the benefit of the doubt by using the earlier date, his petition was filed 554 days after the July 27, 2010, filing deadline.

The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. Higginbotham was not actively misled nor prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d at 513-14. In addition, none of the brief allegations made by petitioner in paragraph 18 of the petition warrant statutory or equitable tolling of the limitations period. Though Higginbotham claims that he is of less than average intelligence, he has successfully filed pleadings in both state and federal court since. Further, his lack of knowledge about the law is not a basis upon which to toll the limitations period. *See Fisher v. Johnson*, 174 F.3d at 713 (ignorance of law or limited access to outside information do not constitute a "rare and exceptional" circumstance to excuse untimely filing); *see also Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (citations omitted) (neither a prisoner's ignorance of the law nor the lack of knowledge of a filing deadline justifies equitable tolling). Moreover, Higginbotham's general allegations challenging the adequacy of the law library at the facility where he is housed do not entitle him to either statutory or equitable tolling. The court held in a previous case that every inmate in MDOC custody has the ability to submit a request through the Inmate Legal Assistance Program (ILAP) for research of any issues relevant to challenging his conviction and sentence. *See e.g., Antonio Neal v. Bradley*, 2006 WL 2796404 (N.D. Miss. September 25, 2006) (inmates in the custody of the Mississippi Department of Corrections, have access to legal assistance, case law and other legal materials during their incarceration.) Higginbotham has not shown that he was impeded in his access to ILAP services at the facility where he is housed or that his circumstances were such that they were "rare and exceptional" to warrant equitable tolling.

For these reasons, The instant petition will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 11th day of June, 2013.

>                             /s/ MICHAEL P. MILLS
>                             CHIEF JUDGE
>                             UNITED STATES DISTRICT COURT
>                             NORTHERN DISTRICT OF MISSISSIPPI